## BLOODWORTH et, Plaintiffs-Appellants, v. RAPPORT, Defendant-Appellee.

Ohio Appeals, Seventh District, Columbiana County.

No. 680.   Decided June 7, 1950.

Harry Brokaw, East Liverpool, for plaintiffs-appellants.
Ben H. Berman, East Liverpool, for defendant-appellee.

## OPINION

By PHILLIPS, PJ.

In this opinion plaintiffs-appellants and defendant-appellee will be called plaintiff and defendant respectively.

Pláintiffs, seventeen heirs of J. T. Croxall, deceased, allegedly acting by and through Attorney Harry Brokaw, their duly authorized and acting attorney in fact, executed the following contract with defendant, and paid the money receipted for therein:—

"Received of Maurice Rapport the sum of One Hundred (\$100.00) Dollars as part payment for the Croxall Chemical and Supply Company property, consisting of the building and an additional lot fronting on Broadway and Union Streets, with a thirty-five (35) foot frontage.

"The said Maurice Rapport agrees to pay for said property the sum of Twelve Thousand Five Hundred (\$12,500.00) Dollars and said Harry Brokaw agrees to sell said property for said price. One Hundred (\$100.00) Dollars having this day been paid and the balance of Twelve Thousand Four Hundred (\$12,400.00) Dollars shall be paid upon delivery of a good and sufficient deed, free and clear of any encumbrances, conferring said real estate to Maurice Rapport and Sara Rapport.

"This agreement is by and between said Harry Brokaw, acting under power of attorney for his clients, who he represents as being all of the heirs of Joseph T. Croxall, deceased and Maurice Rapport. Said Maurice Rapport and Sara Rapport will take possession of said premises on this 24th day of October, 1947.

Harry Brokaw<br>Maurice Rapport."

Defendant took possession of the real estate described in such contract on October 24, 1947, and shortly subsequent thereto, "about three or four days," allegedly without advising plaintiffs of his intention to rescind such contract, nor informing them of his reason therefor, nor making any demand of any nature upon plaintiffs, advised them (through their attorney in fact) that he had decided not to keep the real estate described therein.

Subsequently, after duly endeavoring to sell such real estate for \$12,500.00, plaintiffs sold it for \$10,000.00, the alleged highest price obtainable, and sued the defendant in the court of common pleas for damages for \$2400.00, the difference between the contract and sale prices less the down payment of \$100.00.

The jury returned a verdict for defendant, upon which the trial judge duly entered judgment, from which judgment plaintiffs appealed to this court on questions of law.

While plaintiffs assigned no grounds of error separately formally in their brief, yet we assume from the argument of their counsel, made orally and by brief, that they contend

that the trial judge erred to their prejudice in his general charge to the jury, and contend that the verdict of the jury and judgment entered thereon are against the manifest weight of the evidence and contrary to law.

While the power of attorney naming plaintiffs' attorney in fact was a matter of record on October 24, 1947, yet the evidence discloses that on that date the power of attorney naming the same person attorney in fact for plaintiffs' spouses, as for plaintiffs, was executed, secured and recorded subsequent thereto. Accordingly on the date of the execution of the contract with defendant the attorney in fact could not release dower. However at the time of the sale of such real estate for $10,000.00 the necessary releases of dower had been procured, and plaintiffs could, and did, prepare a deed conveying such premises to the purchaser by an instrument satisfactory to him; and there is evidence that the respective parties were so informed, and that the question of time of conveyance was discussed.

Plaintiffs contend that the contract did not specify any date for deeding such real estate.

Plaintiffs' evidence is that the possible inability or delay in furnishing a good and sufficient deed was discussed immediately prior to the signing of the purchase agreement; that "I (Harry Brokaw) didn't actually hand him the deed, but I had it ready and called him on the telephone, and he said that he didn't want it, and wouldn't take it"; that plaintiffs' attorney in fact and real estate broker considered the market value of such property was $10,000.00 at the time it was sold to defendant for $12,500.00.

Defendant's evidence is that at the time of the execution of the agreement he believed the attorney in fact possessed the powers of attorney necessary to execute the deed to the property forthwith, which he thought had a market value of $12,500.00; that upon inquiry made after the execution of such agreement he was informed by the attorney in fact that he did not know when he could deliver the deed to such property; that he had not secured power of attorney from all of husbands and wives of the heirs of J. T. Croxall, deceased, some of which heirs were separated from their spouses; that an action in partition might be necessary before the deed could be delivered, which action would delay delivery thereof; that it was after receipt of such information that defendant rescinded and refused to pay the balance of the purchase price due on such property; that several months subsequent thereto he was notified that a deed to the property he had agreed to buy was ready for delivery, which he never refused

to accept; that when delivery of the deed was discussed he referred the attorney in fact to his attorney at law, which the attorney in fact admitted; that subsequently the property was sold by the attorney in fact, and no real estate brokerage fee paid, and that plaintiffs incurred no loss.

On pre-trial the respective parties stipulated:—

"It is stipulated by and between counsel for plaintiffs and counsel for defendants, that plaintiffs' Exhibit "a" was signed on October 24, 1947, and that at that time Harry Brokaw had Power of Attorney for certain of the heirs of Joseph T. Croxall, deceased, but that he did not have Power of Attorney for the husbands and wives of the heirs of Joseph T. Croxall deceased.

"It is further stipulated by and between counsel that at the time said agreement was signed Judge Brokaw stated that he was in the process of obtaining the power of attorney from the husbands and wives of the heirs of Joseph T. Croxall, deceased.

Harry Brokaw
Attorney for the Plaintiffs
Ben H. Berman
Attorney for the Defendants."

In his general charge to the jury the trial judge said:—

"Now, if at the time the agreement was signed and the $100.00 was paid and the keys were delivered Mr. Rapport did not know that Mr. Brokaw did not represent, or did not yet have power of attorney from the husbands and wives, that if he found that out after the agreement had been signed and money paid and delivered to him, he did have a right within a reasonable time to decide whether he would go on with it or whether he would rescind it."

By the foregoing charge the trial judge is accused of leading the "jury astray" and committing error prejudicial to plaintiffs.

We have read the general charge of the trial judge to the jury carefully, and in its entirety, keeping in mind that the trial judge is charged with repeating and thus emphasizing the quoted claimed erroneous charge. Basing our decision upon the evidence submitted to us for review, and construing such charge as a whole, we conclude that the trial judge erred to plaintiffs' prejudice in his charge in the respects urged by plaintiffs.

Accordingly the judgment of the court of common pleas being contrary to law for error of the trial judge in his general charge to the jury stated supra is reversed.

NICHOLS, J, GRIFFITH, J, concur in judgment.